GATES, APPELLANT, *v.* PRECISION POST COMPANY; BLACK
BROTHERS COMPANY ET AL., APPELLEES.

[Cite as *Gates v. Precision Post Co.* (1996), 74 Ohio St.3d 439.]

(No. 94–2093—Submitted January 10, 1996—Decided February 7, 1996.)

*Hofelich & King* and *John F. King,* for appellant.

*Jones & Bahret Co., L.P.A., Willis P. Jones, Jr.* and *Peter C. Munger,* for
appellees.

The cause is before this court upon the certification of the court of appeals that
its judgment conflicted with the judgment of the Court of Appeals for Cuyahoga
County in *McAuliffe v. W. States Import Co., Inc.* (Dec. 16, 1993), Cuyahoga App.
No. 65297, unreported, 1993 WL 527880, and with the judgment of the Court of
Appeals for Monroe County in *Byers v. Consol. Aluminum Corp.* (Apr. 12, 1994),
Monroe App. No. 716, unreported, 1994 WL 149880, upon the following question:

"[W]hether the six year statute of limitations set forth in R.C. 2305.07 or the
two-year statute of limitations set forth in R.C. 2305.10 governs personal injury
claims arising from products liability statutes set forth in R.C. 2307.71 *et seq.*"

This court states that the two-year statute of limitations set forth in R.C.
2305.10 governs personal injury claims arising from products liability statutes set
forth in R.C. 2307.71 *et seq.,* and affirms the judgment of the court of appeals on
the authority of *McAuliffe v. W. States Import Co., Inc.* (1995), 72 Ohio St.3d 534,
651 N.E.2d 957.

MOYER, C.J., WRIGHT, RESNICK, PFEIFER and COOK, JJ., concur.

DOUGLAS and F.E. SWEENEY, JJ., dissent.