**[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 439.]**

GATES, APPELLANT, *v*. PRECISION POST COMPANY; BLACK BROTHERS
COMPANY ET AL., APPELLEES.

**[Cite as *Gates v. Precision Post Co.*, 1996-Ohio-183.]**

*Civil actions—Products liability—Causes of action brought pursuant to R.C. 2307.71 et seq. governed by two-year statute of limitations provided in R.C. 2305.10.*

(No. 94-2093—Submitted January 10, 1996—Decided February 7, 1996.)

CERTIFIED by the Court of Appeals for Marion County, No. 9-94-21.

———————————

*Hofelich & King* and *John F. King,* for appellant.

*Jones & Bahret Co., L.P.A., Willis P. Jones, Jr.* and *Peter C. Munger,* for appellees.

———————————

**{¶ 1}** The cause is before this court upon the certification of the court of appeals that its judgment conflicted with the judgment of the Court of Appeals for Cuyahoga County in *McAuliffe v. W. States Import Co., Inc*. (Dec. 16, 1993), Cuyahoga App. No. 65297, unreported, 1993 WL 527880, and with the judgment of the Court of Appeals for Monroe County in *Byers v. Consol. Aluminum Corp*. (Apr. 12, 1994), Monroe App. No. 716, unreported, 1994 WL 149880, upon the following question:

"[W]hether the six year statute of limitations set forth in R.C. 2305.07 or the two-year statute of limitations set forth in R.C. 2305.10 governs personal injury claims arising from products liability statutes set forth in R.C. 2307.71 *et seq*."

**{¶ 2}** This court states that the two-year statute of limitations set forth in R.C. 2305.10 governs personal injury claims arising from products liability statutes set forth in R.C. 2307.71 *et seq*, and affirms the judgment of the court of appeals

on the authority of *McAuliffe v. W. States Import Co., Inc.* (1995), 72 Ohio St.3d 534, 651 N.E.2d 957.

MOYER, C.J., WRIGHT, RESNICK, PFEIFER and COOK, JJ., concur.

DOUGLAS and F.E. SWEENEY, JJ., dissent.

————————————