On January 24, 1996, Holly J. Smith filed a complaint in the Franklin County Court of Common Pleas, naming Osteomed, Inc., as the lone defendant.[1] The complaint set forth various negligence and statutory products liability claims related to the manufacture and subsequent implantation into Ms. Smith's jaw of an allegedly defective prosthetic device fabricated by Osteomed. The custom-made, patient-specific prosthetic device was prescribed and surgically implanted by T. William Evans, D.D.S., M.D., an oral and maxillofacial surgeon, as treatment for Ms. Smith's bilateral tempromandibular joint disease ("TMJ"). The surgery was performed on April 15, 1992.
On November 22, 1993, Ms. Smith was x-rayed during a follow-up appointment with Dr. Evans. He reviewed the x-rays and noted no problems. As a matter of routine, Dr. Evans forwarded these x-rays to Osteomed for review. Approximately three weeks later, Dr. Evans received a telephone call from an Osteomed representative suggesting that the doctor reexamine the x-rays to check for a possible fracture in the device. As a result, Dr. Evans discovered a fracture and contacted Ms. Smith. When he saw her in his office the following day, December 15, 1993, he informed Ms. Smith that the device was fractured.
By Dr. Evans' recollection, he also suggested, during the same December 15, 1993 appointment, a replacement with a different implant.
Ms. Smith swore in her affidavit resisting summary judgment that "Dr. Evans told me that my implant had fractured and that it should be replaced."
Prior to her affidavit, Ms. Smith had testified in her deposition that approximately a year after the surgery implanting the device she had yawned and had heard "a very, very loud snap. Following that, there was a rapid increase in pain. I could hear — it sounded like metal gritting against metal in my joint." This occurred approximately six months before her notification on December 15 that x-rays revealed the device had broken.
Again, according to her deposition, Ms. Smith recalled that during the same office visit in which Dr. Evans formally informed her that the device was broken, Dr. Evans told Ms. Smith that the device "would have to be replaced." (Deposition of Holly Smith at 96.)
During a second surgery on January 25, 1994, Dr. Evans removed the fractured implant and replaced it with a different implant manufactured by Osteomed. Following this surgery, Dr. Evans routinely examined Ms. Smith on four or five occasions and noted her satisfactory progress. Her last visit to his office was in September 1994, at which time the doctor told her that she would not need to return for a check-up for one year.
As noted above, Ms. Smith filed her complaint on January 24, 1996. An answer was filed on behalf of Osteomed in May 1996. In its answer, Osteomed raised, inter alia, the affirmative defense that Ms. Smith's action was time-barred by the applicable statute of limitations. Both parties ultimately filed motions for summary judgment as to liability issues.
In a decision rendered June 18, 1998, the trial court granted the defense motion for summary judgment, holding that Ms. Smith's claims were time-barred pursuant to the two-year statute of limitations set forth in R.C. 2305.10. The court's decision was journalized pursuant to an entry filed July 2, 1998.
Holly J. Smith (hereinafter "appellant") has timely appealed the grant of summary judgment to Osteomed (hereinafter "appellee"), assigning a single error for our consideration:
 The trial court committed error in granting defendant-appellee's motion for summary judgment.
Pursuant to Civ.R. 56(C), summary judgment is a procedural device to terminate litigation and avoid a formal trial where there are no genuine issues of material fact to be tried and the moving party is entitled to judgment as a matter of law.Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66. "'* * * It must be awarded with caution, resolving doubts and construing evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion.'" Viock v. Stowe-Woodward Co.
(1983), 13 Ohio App.3d 7, 12, quoting Norris v. Ohio Std. OilCo. (1982), 70 Ohio St.2d 1, 2. An appellate court reviews a summary judgment based upon the same standard as that employed by the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129.
The parties do not dispute that the applicable statute of limitations here is that set forth in R.C. 2305.10, which requires that actions for "bodily injury" be brought "within two years after the cause thereof arose." The parties also recognize that the two-year statute of limitations set forth in R.C. 2305.10 also governs personal injury claims brought pursuant to Ohio's products liability statutes. R.C. 2307.71et seq. Gates v. Precision Post Co. (1996), 74 Ohio St.3d 439;McAuliffe v. W. States Import Co., Inc. (1995), 72 Ohio St.3d 534,540.
There is also no debate that the trial court undertook the appropriate analysis by applying the "discovery rule" in reaching its conclusion. The discovery rule is one which was fashioned to prevent the inequitable preclusion of claims where, as in latent disease cases such as cancer resulting from asbestos exposure many years after the fact, the statute of limitations would otherwise expire prior to the manifestation of any injury. The rule is set forth in O'Stricker v. JimWalter Corp. (1983), 4 Ohio St.3d 84, paragraph two of the syllabus:
 When an injury does not manifest itself immediately, the cause of action does not arise until the plaintiff knows or, by the exercise of reasonable diligence should have known, that he had been injured by the conduct of defendant, for purposes of the statute of limitations contained in R.C. 2305.10.
O'Stricker further adds that, in such cases, the cause of action arises "* * * upon the date on which the plaintiff isinformed by competent medical authority that he has beeninjured" or the date on which, "* * * by the exercise of reasonable diligence, he should have become aware that he had been injured, whichever date occurs first." Id. at 90. (Emphasis added.)
The discovery rule set forth above, as does the R.C. 2305.10
statute of limitations, also applies in products liability cases. Meeker v. Am. Torque Rod of Ohio, Inc. (1992), 79 Ohio App.3d 514,519, citing Lundy v. Lederle Laboratories, Div. ofAm. Cyanamid Co. (1988), 54 Ohio App.3d 192, and Barker v. A.H.Robins Co. (Jan. 17, 1985), Franklin App. No. 84AP-297, unreported (1985 Opinions 161).
Applying the discovery rule, the trial court granted appellee's motion for summary judgment based upon its determination that appellant's cause of action accrued on December 15, 1993, the date on which Dr. Evans informed her that the device was fractured and should be surgically removed. Accordingly, pursuant to the applicable two-year statute of limitations, the trial court held that the statute of limitations had expired since appellant did not file her complaint until January 1996.
The parties' only pertinent point of contention relates to application of the two-year limitations period to the facts presented in this case. Specifically, the narrow issue we must address is when appellant's cause of action accrued and, thus, the two-year limitations period began to run.
Appellant contends that her cause of action did not accrue until on or after the January 25, 1994 surgery to remove the allegedly defective device. Appellant argues that the record supports a finding that her damages were "delayed"; she did not suffer an injury until the second, corrective surgery took place. Much of appellant's argument rests upon her assertion that the record creates a question of fact as to when she became symptomatic and concluded that the symptoms were due to the fractured implant.
In rejecting appellant's argument, the trial court essentially relied upon the deposition testimony of both appellant and Dr. Evans. As indicated above, Dr. Evans testified that he informed appellant of the problem with the implant on December 15, 1993. More significantly, appellant testified as follows during a deposition taken by defense counsel:
 Q. Now, you were told that [the implant] was fractured in November of 1993; is that correct?
A. December of '93.
Q. December of '93.
And you were told that by * * * Dr. Evans —
A. Correct.
Q. — in December of 1993?
A. Correct.
 Q. Did that lead you to believe at that time that the device was defective, when you were told by Dr. Evans that it had fractured?
A. Yes.
 Q. Did that lead you to believe that the defective device had caused or was causing you the ongoing TMJ problems and associated pain that you were experiencing?
A. Yes. (Deposition at 113. Emphasis added.)
Under the discovery rule, plaintiff's knowledge of his or her injury "should not be measured by the hindsight of the claimant, but the foresight of a reasonable person." Meeker,supra. (Emphasis added.) We agree with the trial court's conclusion that the record supports a finding that reasonable minds could only conclude that appellant knew or should have
known that she was injured by appellee's device no later than the date Dr. Evans told her of the fracture and of the need for it to be surgically removed. Appellant's own admissions support no other reasonable conclusion.
Therefore, the trial court appropriately held that appellant's cause of action was time-barred and, accordingly, that appellee was entitled to judgment as a matter of law.[2] The sole assignment of error is overruled.
The judgment of the trial court is affirmed.
Judgment affirmed.
BOWMAN and BROWN, JJ., concur.
[1] The complaint also set forth a derivative claim for loss of consortium on behalf of Ms. Smith's husband, Richard Smith.
[2] Appellant also attempts to raise arguments pertaining to proximate cause. Since the trial court found that appellant's action was time-barred pursuant to the only statute of limitations applicable, it did not address these issues. For those reasons, we too need not reach the causation arguments.