DECISION.
{¶ 1} Plaintiff-appellant Teresa Flynn slipped on a dance floor in July 2002. Flynn sued three parties — none of whom are involved in this appeal — for negligence.
 {¶ 2} Three years later, Flynn requested a safety-engineering report and learned that the dance-floor design had purportedly run afoul of industry standards. On learning of the alleged defect, Flynn amended her complaint to include several product-liability claims, and she added defendant-appellee California Portable Dance Floor Co. ("California") as a defendant. California answered the complaint and moved for summary judgment, arguing that the two-year statute of limitations had expired. The trial court agreed and granted the motion.
 {¶ 3} The only issue is whether Flynn's suit was time-barred by the statute of limitations. Because the statute began to run at the time of the injury, we hold that the claim was barred and affirm the trial court's judgment.
 {¶ 4} We review a trial court's grant of summary judgment de novo.[1] Here, summary judgment for California was proper if there was no genuine issue as to any material fact, it was entitled to judgment as a matter of law, and reasonable minds could come to but one conclusion when viewing the facts in Flynn's favor, and that conclusion was adverse to her.[2]
 {¶ 5} The dispositive issue in this case is whether the limitations period began to run when the injury occurred (2002) or when the defect was discovered (2005). The statute of limitations for personal-injury claims arising from a product defect is two years.[3] The cause of action ordinarily accrues, and the limitations period begins to run, when the event giving rise to liability occurs.[4]
 {¶ 6} Flynn argues that because the defect was latent and not readily apparent to the consumer, the cause of action accrued in 2005 when her expert determined that the product was unreasonably dangerous and defective. The discovery rule generally holds that "when an injury does not manifest itself immediately, the cause of action does not arise until the plaintiff knows or, by the exercise of reasonable diligence should have known, that he had been injured by the conduct of the defendant, for purposes of [R.C. 2305.10's statute of limitations]."[5]
 {¶ 7} In this case, the injury was not latent — it manifested itself immediately.[6] Flynn knew she was injured. The discovery rule was therefore not applicable, and Flynn's cause of action accrued in 2002.
 {¶ 8} The Ohio Supreme Court has limited the discovery rule to latent injuries.[7] The discovery rule has generally been more appropriately applied to cases of medical malpractice,[8] and in actions against manufacturers for injuries resulting from exposure to asbestos.[9] The discovery rule seeks to redress the unconscionable result reached by a strict application of the limitations period to injured parties whose right to recovery can be barred by the statute of limitation before the party is even aware of an injury's existence.[10] It is a rule of justice and fairness.
 {¶ 9} Flynn's original complaint alleged that the "slope of the dance floor alone and/or in combination with the conditions of the room that existed at the time created a dangerous condition." We are convinced that the fairness and justice sought to be advanced by application of the discovery rule would not be furthered on these facts. In her complaint, Flynn acknowledged that the injury may have resulted from a manufacturing defect. The injury occurred on July 27, 2002. The inspection was not requested until February 18, 2005. Flynn failed to undertake any effort to ascertain the manufacturer's liability within the two-year statute of limitations.
 {¶ 10} We hold that the statute of limitations began to run when the injury occurred in 2002. And because the statute bars actions commenced two years after the accrual date, Flynn's cause of action filed in 2005 against California was time-barred. Thus we affirm the trial court's decision granting summary judgment for California.
Judgment affirmed.
HENDON and WINKLER, JJ., concur.
RALPH WINKLER, retired, from the First Appellate District, sitting by assignment.
[1] Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336,671 N.E.2d 241.
[2] See id.
[3] See Gates v. Precision Post Co. (1996), 74 Ohio St.3d 439,659 N.E.2d 1241; see, also, R.C.2305.10.
[4] See Lane v. Grange Mut. Cos. (1989), 45 Ohio St.3d 63, 65,543 N.E.2d 488.
[5] See Braxton v. Peerless Premier Appliance Co., 8th
Dist. No. 81855, 2003-Ohio-2872, quoting O'Stricker v. Jim WalterCorp. (1983), 4 Ohio St.3d 84, 447 N.E.2d 727, paragraph two of the syllabus.
[6] See, e.g., id.
[7] Id.
[8] See, e.g., Oliver v. Kaiser Community Health Found. (1983),5 Ohio St.3d 111, 449 N.E.2d 438.
[9] See, e.g., O'Stricker, supra.
[10] See id.