SEGAL, Appellant,

v.

ZEHMAN–WOLF MANAGEMENT, INC., Appellee.

[Cite as *Segal v. Zehman–Wolf Mgt., Inc.* (2000), 139 Ohio App.3d 146.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 77306.

Decided July 5, 2000.

*Krantz, Powers & Friedman, Laurence Powers* and *Robert G. Friedman,* for appellant.

*Rawlin, Gravens & Franey* and *Terrance P. Gravens,* for appellee.

SPELLACY, Judge.

Plaintiff-appellant Loren Segal has filed an appeal on the accelerated calendar under App.R. 11.1 and Loc.App.R. 11.1. Pursuant to App.R. 11.1(E), this court will render a brief and conclusionary decision.

On January 27, 1997, an intruder entered appellant's apartment and forcibly raped her. On March 25, 1999, appellant filed a complaint against her landlord, defendant-appellee Zehman–Wolf Management, Inc., in the Cuyahoga County Court of Common Pleas. In her complaint, appellant averred that appellee was responsible for the attack because it failed to maintain adequate security in violation of R.C. 5321.04.

On August 9, 1999, appellee filed a preliminary motion for summary judgment. In its summary judgment motion, appellee asserted that appellant's complaint was in effect a claim for bodily injury covered by the two-year statute of limitations in R.C. 2305.10. In her response, appellant insisted that appellee's liability was created by R.C. 5321.04 and, therefore, the six-year statute of limitation applied pursuant to R.C. 2305.07. In a journal entry filed on November 3, 1999, the trial court granted appellee's motion for summary judgment. Therefrom, appellant filed a timely notice of appeal with this court, arguing:

"The trial court erred in granting the appellee's preliminary motion for summary judgment and holding that plaintiff's claim was a common-law claim for 'bodily injury' (subject to the two–year statute of limitations set forth in R.C. § 2305.10), rather than a statutory claim plead and based upon violation of a duty created by R.C. § 5321.04 (subject to the six–year statute of limitations set forth in R.C. § 2305.07)."

In her sole assignment of error, appellant claims that the trial court erred in granting appellee's motion for summary judgment based upon the two-year statute of limitations for bodily injury claims. Appellant insists that the six-year statute of limitations in R.C. 2305.07 applies to her claims.

■■ Pursuant to R.C. 2305.07, "an action * * * upon a liability created by statute * * * shall be brought within six years after the cause thereof accrued." The Supreme Court of Ohio has interpreted the phrase, "a liability created by statute," to mean a liability that would not exist but for the statute. *McAuliffe v. W. States Import Co., Inc.* (1995), 72 Ohio St.3d 534, 538, 651 N.E.2d 957, 960. "Any statutory 'modification, alteration or conditioning' of a common-law cause of action which falls short of creating a previously unavailable cause of action is not 'an action * * * upon a liability created by statute.' " *Id.* at paragraph one of the syllabus.

In 1974, the General Assembly enacted R.C. Chapter 5321 to provide tenants with greater rights. See 135 Ohio Laws, Part II, 36. Appellant insists that R.C. 5321.04 created a cause of action unavailable at common law. In an analogous case, *Daniels v. Thompson* (Apr. 25, 1985), Cuyahoga App. No. 49015, unreported, 1985 WL 7992, at *3–*4,[1] this court stated:

"[R.C. Chapter 5321] did not create new liabilities based upon statutes. Rather, it expanded and redefined pre-existing, common-law rights.

"* * *

"Therefore, since [plaintiff's] cause of action is grounded in tort, it is governed by the two-year statute of limitations found in O.R.C. § 2305.10."

R.C. Chapter 5321 merely expands existing remedies by allowing a tenant to file a complaint predicated upon the negligence *per se* of the landlord for breach of a statutory duty to make repairs under R.C. 5321.04. We find that the two-year statute of limitations in R.C. 2305.10 applies to this case and, therefore, the trial court did not err in granting appellee's motion for summary judgment.

Appellant's assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

BLACKMON, J., concurs.

DYKE, A.J., concurs in judgment only.

---

1. In *Daniels,* this court relied on the concurring opinion in *Shroades v. Rental Homes, Inc.* (1981), 68 Ohio St.2d 20, 27, 22 O.O.3d 152, 156, 427 N.E.2d 774, 779, wherein Justice Clifford F. Brown noted that the remedies afforded the tenant in R.C. Chapter 5321 are in addition to the tenant's existing common-law remedies "by way of an action in tort against his landlord."