DECISION AND JUDGMENT ENTRY
{¶ 1} Plaintiffs-Appellants Bruce and Deidra Pummill appeal the judgment of the Chillicothe Municipal Court, which dismissed their action against Defendant-Appellee Jon Carnes, executor of the estate of Edith Ransdell. Appellants assert that the trial court erred by considering appellee's second motion for summary judgment and by finding that the statute of limitations bars appellants' claim.
 {¶ 2} For the reasons that follow, we disagree with appellants' arguments and affirm the judgment of the trial court.
 The Facts and Proceedings Below {¶ 3} On January 26, 2001, Plaintiffs-Appellants Bruce and Deidra Pummill filed a complaint in the Chillicothe Municipal Court against Defendant-Appellee Jon Carnes, in his capacity as executor of the estate of Edith Ransdell.
 {¶ 4} Appellants' complaint alleged that: (1) in 1997, Edith Ransdell owned and operated the Eagle Hollow Trailer Park, where she rented out trailer spaces; (2) appellants lived in their mobile home that was situated on a trailer space rented from Ransdell; (3) upon renting the space from Ransdell, they informed her that several large, old and allegedly rotting trees were located near their mobile home; (4) Ransdell or her agents assured appellants that the trailer park was safe and that the trees were sturdy; (5) on July 28, 1997, one of the trees that appellants allegedly had expressed some concern about fell onto their mobile home, causing $3,540.71 in damage; (6) Ransdell was required to keep the premises in a "safe and sanitary condition" pursuant to R.C.5321.04; and (7) Ransdell knew or should have known of the danger the old trees posed, and that she failed to remedy the situation resulting in their damages.
 {¶ 5} Edith Ransdell died in 1999 and appellee was appointed executor of her estate. On November 27, 2000, appellants presented a claim to Ransdell's estate for the damage to the mobile home. Appellee rejected that claim the following day. Appellants' subsequently initiated this action.
 {¶ 6} In February 2001, appellee filed his answer, denying most of appellants' allegations. Appellee also asserted a multitude of affirmative defenses, including that appellants' action was barred by the statute of limitations.
 {¶ 7} Appellee subsequently filed a motion for summary judgment addressing the merits of appellants' claim. Appellants opposed appellee's motion. The trial court eventually denied that motion, setting the matter for trial.
 {¶ 8} Several months later, appellee filed a notice of substitution of counsel and a motion for leave to file a motion for summary judgment instanter. Appellee asserted in his motion for leave to file for summary judgment that appellants' action was barred by the statute of limitations. Appellants did not oppose appellee's motion for leave to file a motion for summary judgment instanter, and the trial court granted that motion. Appellee subsequently filed his second motion for summary judgment, which, however, appellants did oppose.
 {¶ 9} Appellee asserted in his motion for summary judgment that appellants initiated this cause of action beyond the expiration of the statute of limitations. Appellee argued that appellants' mobile home is considered personal property under R.C. 4501.01 and 5701.02. As such, appellee argued that pursuant to R.C. 2305.10, the statute of limitations for damage to personal property is two years from the date the injury or damage occurred. Appellee's argument concluded that damages to appellants' mobile home occurred on July 28, 1997, and the complaint was filed more than three years later on January 26, 2001, well beyond the two-year statute of limitations.
 {¶ 10} Appellants filed a memorandum contra appellee's motion for summary judgment. Appellants asserted that their cause of action was based upon Ransdell's violation of her statutory duty as appellants' landlord to maintain "the premises in a fit and habitable condition," under R.C. 5321.04(A)(2). Appellants further argued that pursuant to R.C. 2305.07, the statute of limitations for an action based upon statutory liability is six years. Accordingly, appellants concluded that their complaint was timely filed.
 {¶ 11} The trial court granted appellee's motion for summary judgment, dismissing appellants' action with prejudice.
 The Appeal {¶ 12} Appellants timely filed their notice of appeal and present the following assignments of error for our review.
 {¶ 13} First Assignment of Error: "The Trial Court abused its discretion in receiving a second Motion by Defendants [sic] for Summary Judgment, which was filed instanter and which was based upon issues not raised in Defendants [sic] first Motion for Summary Judgment which was overruled by Entry dated August 17, 2001."
 {¶ 14} Second Assignment of Error: "The Trial Court erred in granting Defendants [sic] Motion for Summary Judgment on the ground that Plaintiffs failed to proceed within the appropriate statutory period."
 I. Leave to File a Motion for Summary Judgment {¶ 15} In their First Assignment of Error, appellants argue that the trial court erred by accepting appellee's second motion for summary judgment.
 {¶ 16} Civ.R. 56(B) provides "A party against whom a claim * * * is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim * * *. If the action has been set for pretrial or trial, a motionfor summary judgment may be made only with leave of court." (Emphasis added.) Civ.R. 56(B).
 {¶ 17} The decision to grant or deny leave to file a motion for summary judgment once an action has been set for pretrial or trial lies within the sound discretion of the trial court. See Woodman v. TubbsJones (1995), 103 Ohio App.3d 577, 582, 660 N.E.2d 520, citing ParamountSupply Co. v. Sherlin Corp. (1984), 16 Ohio App.3d 176, 179-180,475 N.E.2d 197. Accordingly, we will not reverse a trial court's decision to grant leave to file a motion for summary judgment absent an abuse of discretion. See id.
 {¶ 18} "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. To constitute an abuse of discretion, "the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will, but the perversity of will, not the exercise of judgment, but the defiance of judgment, not the exercise of reason but, instead, passion or bias." Nakoff v. FairviewGen. Hosp., 75 Ohio St.3d 254, 256, 1996-Ohio-159, 662 N.E.2d 1.
 {¶ 19} In the case sub judice, appellee filed a motion for summary judgment addressing the merits of appellants' claim. The trial court denied this motion. Some time later, appellee filed a motion for leave to file a second motion for summary judgment asserting that the trial court lacked subject matter jurisdiction because the statute of limitations had run. This motion for leave went unopposed by appellants and was granted by the trial court. Subsequently, appellee filed his second motion for summary judgment, which appellants had the opportunity to oppose, and did so.
 {¶ 20} We fail to see how the trial court abused its discretion in granting appellee leave to file his second motion for summary judgment, especially in light of the absence of authority indicating that a party is limited to filing one motion for summary judgment.
 {¶ 21} Furthermore, appellants failed to assert this alleged error before the trial court. It is axiomatic that, "[t]he failure to promptly object and call any error to the attention of the trial court, at a time when it could have been prevented or corrected, amounts to a waiver of such error." Byers v. Coppell, Ross App. No. 01CA2586, 2001-Ohio-2392, citing State v. Lott (1990), 51 Ohio St.3d 160, 174, 555 N.E.2d 293; see, also, State v. Gordon (1971), 28 Ohio St.2d 45, 276 N.E.2d 243, paragraph two of the syllabus.
 {¶ 22} Appellants' First Assignment of Error is overruled.
 II. Summary Judgment {¶ 23} In their Second Assignment of Error, appellants assert that the trial court erred in granting appellee's motion for summary judgment. Appellants argue that the trial court applied the erroneous two-year statute of limitations rather than the proper six-year statute of limitations.
 A. Standard of Review {¶ 24} We conduct a de novo review of a trial court's decision to grant summary judgment pursuant to Civ.R. 56. See Renner v. DerrinAcquisition Corp. (1996), 111 Ohio App.3d 326, 676 N.E.2d 151.
 {¶ 25} The Supreme Court of Ohio has established the proper test to employ when making a determination regarding a motion for summary judgment. "Under Civ.R. 56, summary judgment is proper when `(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.'" Welco Industries, Inc. v. Applied Cos. (1993),67 Ohio St.3d 344, 346, 617 N.E.2d 1129 (citations omitted). Therefore, upon review, we give no deference to the judgment of the trial court. SeeRenner, supra.
 {¶ 26} In the case sub judice, appellee was granted summary judgment on the basis that the statute of limitations had expired at the time appellants filed their complaint with the trial court. The only facts pertinent to the issue of whether the statute of limitations had expired are, (1) the date on which the damage occurred to appellants' mobile home, July 28, 1997, and (2) the date on which appellants filed their complaint, January 6, 2001. Therefore, at the outset we note that there are no genuine issues of material fact regarding the running of the statute of limitations. The sole issue presented for this Court to decide is whether the applicable statute of limitations is two years or six years from the date the damage occurred to the mobile home, July 28, 1997. This is a purely legal question, and its answer will determine whether appellee was entitled to judgment as a matter of law.
 B. R.C. 2305.07: Six-Year Statute of Limitations {¶ 27} Appellants assert that their cause of action is governed by R.C. 2305.07 because their claim is based upon the violation of a statutory duty (i.e., R.C. 5321.04). R.C. 2305.07 provides in part that, "an action * * * upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued." R.C. 2305.07.
 {¶ 28} The Supreme Court of Ohio has set forth the proper test that should be used to determine whether an action is based upon "a liability created by statute." In McAlliffe v. W. States Import Co.,Inc. (1995), 72 Ohio St.3d 534, 651 N.E.2d 957, the Supreme Court of Ohio held:
 {¶ 29} "In order for a statutory cause of action to be `an action * * * upon a liability created by statute' under R.C. 2305.07, that cause of action must be one that would not exist but for the statute. Any statutory `modification, alteration or conditioning' of a common-law cause of action which falls short of creating a previously unavailable cause of action is not `an action * * * upon a liability created by statute.'" Id. at paragraph one of the syllabus.
 {¶ 30} Accordingly, we must determine whether appellants' cause of action would exist but for R.C. 5321.04. If appellants' action could still have proceeded absent R.C. 5321.04, then the six-year statute of limitations under R.C. 2305.07 does not apply.
 {¶ 31} In Segal v. Zehman-Wolf Management (2000),139 Ohio App.3d 146, 743 N.E.2d 425, the plaintiff brought an action for bodily injury and emotional distress against her landlord asserting that the landlord breached its duty to maintain adequate security pursuant to R.C. 5321.04. The trial court dismissed the action as untimely pursuant to R.C. 2305.10 (two-year statute of limitations). See id. Plaintiff appealed asserting that the proper statute of limitations (six years) was found in R.C. 2305.07 because her claims were based on statutory duties imposed upon the landlord. See id.
 {¶ 32} The Eighth District Court of Appeals found that, "R.C. Chapter 5321 merely expands existing remedies by allowing a tenant to file a complaint predicated upon the negligence per se of the landlord for breach of a statutory duty to make repairs under R.C. 5321.04." Id. at 148. In so finding, the Segal court relied on a prior decision wherein they found that "[R.C. Chapter 5321] did not create new liabilities based upon statutes. Rather, it expanded and redefined pre-existing, common-law rights." Id., quoting Daniels v. Thompson (Apr. 25, 1985), Eighth Dist. No. 49015. Accordingly, the Segal Court held that an action premised on R.C. 5321.04 is not "an action * * * upon a liability created by statute" and that the two-year statute of limitations found in R.C. 2305.10
applied.
 {¶ 33} Similarly, in Shroades v. Rental Homes, Inc. (1981),68 Ohio St.2d 20, 427 N.E.2d 774, Justice Clifford Brown noted in a concurring opinion that, "the remedies afforded the tenant, as well as the landlord, in R.C. Chapter 5321, are in addition to the common law remedies possessed by both landlord and tenant prior to the enactment of R.C. Chapter 5321 in 1974." Id. at 778 (Brown, J. concurring). Relying onShroades, this Court has also noted that, "the Landlords and Tenants Act of 1974, changed the common-law liability between landlords and tenants of residential premises, and was enacted to provide the tenant with greater rights and to negate the previous common-law tort immunities for landlords. A landlord's violation of the statutory duty is negligence per se." Burnworth v. Harper (1996), 109 Ohio App.3d 401, 405-406,672 N.E.2d 241.
 {¶ 34} In Burnworth, this Court not only considered claims under R.C. 5321.04 but also addressed a landlord's liability under common law principles, noting that under the common law, a landlord was not liable for damages resulting from latent defects of which he or she had no knowledge. See id. at 407. Appellants asserted that they informed appellee of the condition of the trees at the time they took possession of the trailer space. Thus, appellants' cause of action could have proceeded absent the existence of R.C. 5321.04.
 {¶ 35} Therefore, we find that appellants' cause of action was not created by R.C. 5321.04. In other words, appellants' action is not one that would not exist but for the statute. See Segal and McAlliffe, supra. Also, any modification or alteration of appellants' common-law cause of action "falls short of creating a previously unavailable cause of action." See id. Accordingly, appellants' cause of action is not one "created by statute" under R.C. 2305.07 and the six-year statute of limitations is not applicable. Rather, the two-year statute of limitations found in R.C. 2305.10 applies to case sub judice. See Segal, supra.
 {¶ 36} Thus, we find that appellee was entitled to judgment as a matter of law because appellants' claim was barred by the statute of limitations.
 {¶ 37} Appellants' Second Assignment of Error is overruled.
 Conclusion {¶ 38} We find that the trial court did not abuse its discretion in granting appellee leave to file a second motion for summary judgment asserting that the court lacked subject matter jurisdiction. We also find that appellee was entitled to judgment as a matter of law because the two-year statute of limitations for appellants' claim had expired prior to the filing of their complaint.
 {¶ 39} Accordingly, appellants' assignments of error are overruled in toto and we affirm the judgment of the trial court.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellants costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the CHILLICOTHE MUNICIPAL COURT to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J., and Kline, J.: Concur in Judgment and Opinion.