■ HAROLD STURGIS et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, v SULLIVAN COUNTY HARNESS RACING ASSOCIATION, INC., et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered October 21, 1982 in Sullivan County, which granted defendants' motion to dismiss the complaint. The central issue on this appeal is whether the three-year Statute of Limitations relating to actions to recover upon a liability, penalty or forfeiture created or imposed by statute (CPLR 214,

subd 2) applies to plaintiffs' first cause of action, which seeks to recover moneys allegedly wrongfully excluded from purses awarded to plaintiffs, horseowners, by defendants, owners and operators of Monticello Raceway. Also at issue is whether plaintiffs' allegation that defendants breached an implied contract by excluding such moneys from their purses states a cause of action. We affirm Special Term's dismissal of these causes of action. It is not disputed that if the three-year Statute of Limitations for causes of action seeking to recover upon a liability created by statute (CPLR 214, subd 2) is applicable here, plaintiffs' first cause of action is time barred. Relying upon *State of New York v Cortelle Corp.* (38 NY2d 83), plaintiffs contend that the three-year limitation period is not applicable since the cause of action seeks moneys wrongfully retained, an equitable cause of action recognized at common law. We agree with Special Term, however, that without the statute, plaintiffs' first cause of action would fail, for the sole basis of plaintiffs' allegation that defendants have wrongfully retained the moneys sought by plaintiffs is the statutory provision which requires inclusion of those moneys in the calculation of purses (Racing, Pari-Mutuel Wagering and Breeding Law, § 527, subd 4, par b). In the absence of this statutory provision, there would be no requirement that defendants include the disputed moneys and, thus, they would not be liable to plaintiffs for those moneys. It follows, therefore, that plaintiffs' cause of action is based upon a statute creating a new liability not recognized in the common or decisional law of this State and that CPLR 214 (subd 2) is applicable (see *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 307). Turning next to plaintiffs' second cause of action, we find the allegations insufficient to state a cause of action for breach of an implied contract. Accepting as true plaintiffs' allegation that defendants "advertised a 40% purse", there is nothing to indicate that defendants agreed to include the disputed moneys in the calculation of the purses. As noted above, those moneys, representing the portion of retained commissions on off-track betting pools received by defendants pursuant to section 527 of the Racing, Pari-Mutuel Wagering and Breeding Law, are required to be included in the calculation of purses only by virtue of paragraph b of subdivision 4 of that statute. Plaintiffs' complaint does not allege that, irrespective of the statutory requirement, defendants agreed to include off-track commissions in the calculation of purses. At best, plaintiffs' second cause of action is merely a repetition of the first, i.e., that defendants are liable since the statute requires inclusion of the retained commissions in the calculation of purses. Having concluded that the first two causes of action were properly dismissed, we also affirm Special Term's dismissal of the remaining two causes of action seeking punitive damages and attorney's fees pursuant to CPLR 909. Order affirmed, with costs. Sweeney, J. P., Kane, Casey, Mikoll and Weiss, JJ., concur.