■ CONNETQUOT CENTRAL SCHOOL DISTRICT, Respondent, v GREENPORT UNION FREE SCHOOL DISTRICT, Appellant. — In an action, *inter alia,* for tuition reimbursement pursuant to subdivision 4 (formerly subd 5) of section 3202 of the Education Law, defendant appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated January 20, 1983, as denied that branch of its motion which sought dismissal of the second cause of action in the amended complaint, which purportedly asserted a claim for an account stated. ¶ Order reversed, insofar as appealed from, on the law, without costs or disbursements, and that branch of defendant's motion which sought dismissal of plaintiff's second cause of action granted. ¶ Plaintiff has not stated a cause of action on an "account stated" theory of recovery. Its claim for tuition reimbursement would not exist but for the enactment of subdivision 4 (formerly subd 5) of section 3202 of the Education Law (see *Matter of Jeter v Ellenville Cent. School Dist.,* 41 NY2d 283, 285). ¶ Where a cause of action

would not exist but for the presence of a statute which provides the basis to maintain it, the suit is said to be one founded upon a "liability * * * created or imposed by statute" within the meaning of CPLR 214 (subd 2) and its three-year Statute of Limitations (*Shepard Co. v Taylor Pub. Co.*, 234 NY 465; *European Amer. Bank v Cain*, 79 AD2d 158). ¶ Because the gravamen or essence of a cause of action and not merely the name plaintiff attaches to it determines the applicable period of limitations (*Matter of Paver & Wildfoerster* [*Catholic High School Assn.*], 38 NY2d 669; *European Amer. Bank v Cain, supra*), plaintiff's putative "account stated" cause of action herein is governed by the three-year Statute of Limitations set forth in CPLR 214 (subd 2). ¶ The latest period for which payment is sought ended in June, 1978. The instant suit, commenced in December of 1981, is therefore time barred in its entirety. Thompson, J. P., Weinstein, Brown and Eiber, JJ., concur.