■ LAUREN S. BRYDEN, Appellant, v WILSON MEMORIAL HOSPITAL et al., Respondents.—Harvey, J. Appeals from two orders of the Supreme Court (Fischer, J.), entered March 18, 1987 and March 31, 1987 in Broome County, which, *inter alia,* granted defendants' motions for summary judgment dismissing the first cause of action in the amended complaint.

On February 20, 1984, plaintiff checked into defendant Wilson Memorial Hospital as an "informal patient" pursuant to Mental Hygiene Law § 9.15. The admission was apparently at the insistence of his daughter, a nurse at Wilson Memorial, who was concerned about his depression and threats of suicide since his separation from his wife. On February 27, 1984, plaintiff's condition allegedly deteriorated upon his learning that his wife planned to commence divorce proceedings. At that time, plaintiff was diagnosed by defendant doctors, Judson K. Albaugh and Albert Wolkoff, as suffering from major depression and was judged to be a severe suicide risk. Also on that date, plaintiff purportedly asked to leave the hospital. Plaintiff's daughter was informed of her father's condition and filled out an application for involuntary admission. Based on this application and the certifications of Albaugh and Wolkoff, plaintiff was involuntarily admitted to Binghamton Psychiatric Center pursuant to Mental Hygiene Law § 9.27. He was released on March 1, 1984.

On February 24, 1986, plaintiff commenced this action alleging that defendants violated his right to leave the hospital. The complaint was later amended to add a second cause of action against Wilson Memorial and Wolkoff for intentional misrepresentation. Plaintiff moved for summary judgment on the issue of liability. Defendants cross-moved for summary judgment asserting, *inter alia,* that the cause of action alleging a violation of the right to leave the hospital was, in essence, a claim for false imprisonment which was barred by the one-year limitations period of CPLR 215 (3). Supreme Court agreed with defendants' assertion and granted summary judgment dismissing the first cause of action. This appeal followed.

Plaintiff contends that his first cause of action is to recover for a liability created by statute and that it is thus governed by the three-year Statute of Limitations period of CPLR 214 (2). The statute which plaintiff contends his first cause of action is based upon is Mental Hygiene Law § 9.15, which

provides that an "informal patient" shall be free to leave the hospital at any time. When a statute creates a new liability independent of the common law for which no other Statute of Limitations period is prescribed, the applicable period is the three-year period of CPLR 214 (2) *(see, Aetna Life & Cas. Co. v Nelson,* 67 NY2d 169, 175). In order to come within this provision the statute must be essential to the cause of action *(see, Connetquot Cent. School Dist. v Greenport Union Free School Dist.,* 100 AD2d 923; *Sturgis v Sullivan County Harness Racing Assn.,* 98 AD2d 901, *lv denied* 61 NY2d 608). It is the gravamen or essence of the cause of action which is considered in determining the applicable Statute of Limitations *(Matter of Paver & Wildfoerster [Catholic High School Assn.],* 38 NY2d 669, 674; *Connetquot Cent. School Dist. v Greenport Union Free School Dist., supra,* at 924).

Here, plaintiff's first cause of action is, in essence, a claim based upon the common-law theory of false imprisonment. Although he is careful not to use that term, the complaint alleges the elements of false imprisonment *(see, Broughton v State of New York,* 37 NY2d 451, 456-457, *cert denied sub. nom. Schanbarger v Kellogg,* 423 US 929). Indeed, false imprisonment often forms the basis for claims arising from involuntary confinement in mental institutions *(see, e.g., Warner v State of New York,* 297 NY 395). Plaintiff's contention that the only basis for his claim is the provision of Mental Hygiene Law § 9.15 which provides that he could leave at any time is unpersuasive. Accordingly, we conclude that Supreme Court correctly concluded that plaintiff's first cause of action was time barred.

Orders affirmed, with one bill of costs. Kane, J. P., Casey, Yesawich, Jr., and Harvey, JJ., concur.