[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 534.]

MCAULIFFE, APPELLEE, *v*. WESTERN STATES IMPORT COMPANY, INC.,
APPELLANT, ET AL.

**[Cite as *McAuliffe v. W. States Import Co., Inc*., 1995-Ohio-201.]**

*Civil actions—Products liability—Requirement for statutory cause of action to be an action upon liability created by statute under R.C. 2305.07—Causes of action brought pursuant to R.C. 2307.73 are not governed by the six-year statute of limitations provided in R.C. 2305.07.*

1. In order for a statutory cause of action to be "an action *** upon a liability created by statute" under R.C. 2305.07, that cause of action must be one that would not exist but for the statute. Any statutory "modification, alteration or conditioning" of a common-law cause of action which falls short of creating a previously unavailable cause of action is not "an action *** upon a liability created by statute."

2. Because R.C. 2307.73 does not provide a cause of action that would not exist but for the statute, causes of action brought pursuant to R.C. 2307.73 are not governed by the six-year statute of limitations provided in R.C. 2305.07.

(No. 94-354—Submitted April 4, 1995—Decided July 26, 1995.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 65297.

———————————

{¶ 1} On October 28, 1989, plaintiff-appellee Kevin J. McAuliffe was injured while operating a Diamond Back mountain bike. On July 14, 1992, McAuliffe filed an action against Boardman Cycle Center ("Cycle Center") and defendant-appellant Western States Import Company, Inc. ("Western States"). McAuliffe alleged that the mountain bike manufactured by Western States and supplied by Cycle Center was defective in that it had a "propensity to suddenly

bend at the front fork" and that the defect caused him to fall off the mountain bike and sustain injury.

{¶ 2} McAuliffe asserted that Western States was strictly liable for his injuries pursuant to R.C. 2307.73[1] and that Cycle Center was liable pursuant to R.C. 2307.78(A) for negligently supplying the mountain bike. McAuliffe also asserted that Cycle Center was negligent in maintaining and servicing the mountain bike.

{¶ 3} Cycle Center and Western States filed motions to dismiss the complaint on the basis that McAuliffe's product liability claim is an action for "bodily injury" and therefore barred by the two-year statute of limitations provided in R.C. 2305.10. In response, McAuliffe argued that his product liability claim is "an action *** upon a liability created by statute" and therefore governed by the six-year statute of limitations provided in R.C. 2305.07. The Court of Common Pleas of Cuyahoga County granted the motions to dismiss.

{¶ 4} McAuliffe appealed. Prior to the decision of the court of appeals, McAuliffe voluntarily dismissed Cycle Center without prejudice. The court of appeals reversed the judgment of the trial court and held that the General Assembly,

---

1. R.C. 2307.73 provides:

"(A) A manufacturer is subject to liability for compensatory damages based on a product liability claim only if the claimant establishes, by a preponderance of the evidence, both of the following:

"(1) Subject to division (B) of this section, the product in question was defective in manufacture or construction as described in section 2307.74 of the Revised Code, was defective in design or formulation as described in section 2307.75 of the Revised Code, was defective due to inadequate warning or instruction as described in section 2307.76 of the Revised Code, or was defective because it did not conform to a representation made by its manufacturer as described in section 2307.77 of the Revised Code;

"(2) A defective aspect of the product in question as described in division (A)(1) of this section was a proximate cause of harm for which the claimant seeks to recover compensatory damages.

"(B) If a claimant is unable because a product in question was destroyed to establish by direct evidence that the product in question was defective or if a claimant otherwise is unable to establish by direct evidence that a product in question was defective, then, consistent with the Rules of Evidence, it shall be sufficient for the claimant to present circumstantial or other competent evidence that establishes, by a preponderance of the evidence, that the product in question was defective in any one of the four respects specified in division (A)(1) of this section."

in codifying the common law of product liability, had substantially modified it "so as to essentially create a new concept of liability." As a result, the court of appeals concluded that a cause of action arising from R.C. 2307.71 *et seq*. is "an action *** upon a liability created by statute" governed by the six-year statute of limitations provided in R.C. 2305.07.

**{¶ 5}** The cause is now before this court pursuant to the allowance of a motion to certify the record.

_____

*Sindell, Lowe & Guidubaldi* and *James A. Lowe*, for appellee.

*Gallagher, Sharp, Fulton & Norman, Michael R. Gallagher* and *Robert H. Eddy*, for appellant.

*Arter & Hadden, Irene C. Keyse-Walker* and *Mark F. McCarthy*, urging reversal for *amicus curiae*, Ohio Association of Civil Trial Attorneys.

*Jones, Day, Reavis & Pogue, Robert C. Weber, Katherine B. Jenks* and *Kim F. Bixenstine*, urging reversal for *amici curiae*, the Ohio Chamber of Commerce et al.

_____

**WRIGHT, J.**

**{¶ 6}** The sole issue in this case is which statute of limitations governs product liability actions against manufacturers brought pursuant to R.C. 2307.71 *et seq*., the Ohio Product Liability Act. We initially note that the General Assembly did not specifically provide a statute of limitations for product liability actions. See R.C. 2305.01 through 2305.22 and R.C. 2307.71 through 2307.80. As a result, R.C. 2305.03 directs us to apply one of the general statutes of limitations contained in R.C. 2305.04 through 2305.22.

**{¶ 7}** The court of appeals concluded that McAuliffe's product liability action brought pursuant to R.C. 2307.73 is "an action *** upon a liability created by statute" and therefore governed by the six-year limitations period provided in

former R.C. 2305.07,[2] which stated: "Except as provided in section 1302.98 of the Revised Code, an action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued." 129 Ohio Laws 176. The court of appeals reached that conclusion by applying what it believed was the appropriate test for determining whether a codified common-law cause of action is "an action *** upon a liability created by statute": "[W]hether the statutes modified, altered or conditioned the common law product liability cause of action so as to create essentially a new concept of liability." The court of appeals found that the General Assembly, by codifying the common law of product liability, had substantially modified the common-law cause of action, thereby transforming common-law product liability into "a liability created by statute." Specifically, the court of appeals based its finding on the perception that the General Assembly had expanded the availability of economic loss damages in R.C. 2307.79, eliminated a cause of action based upon express warranty in R.C. 2309.01, and raised the standard of proof necessary to sustain an award of punitive damages in R.C. 2307.80.

{¶ 8} Western States and *amici curiae* argue that the court of appeals applied the wrong test in concluding that an action brought pursuant to R.C. 2307.73 is "an action *** upon a liability created by statute." Instead of focusing on whether the statute created a new "concept of liability," Western States and *amici* argue that the proper test is more narrow—whether the statute created a *cause of action* not available at common law. We agree.

{¶ 9} The court of appeals based its analysis on our decision in *Bora v. Kerchelich* (1983), 2 Ohio St.3d 146, 2 OBR 692, 443 N.E.2d 509. However, *Bora* does not stand for the proposition that any statutory modification of a common-law

---

2. R.C. 2305.07 was amended in 1993. It now reads:

"Except as provided in sections 126.301 and 1302.98 of the Revised Code, an action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued."

cause of action transforms that cause of action into "an action *** upon a liability created by statute."

{¶ 10} In *Bora* we held that R.C. 955.28, which provides that an owner of a dog is liable for any damage or injury caused by the dog, is "a liability created by statute." At common law, the owner of a dog could be liable for a plaintiff's injuries only if the plaintiff could show that the owner knew of the dog's "vicious propensities." *Id.* at 147, 2 OBR at 693, 443 N.E.2d at 510. We noted that R.C. 955.28 removed the knowledge element and that the plaintiff had not pled the knowledge of the dog's owner. Under the common law, the plaintiff's complaint would not have stated a valid cause of action. However, his pleading was sufficient under R.C. 955.28. Because R.C. 955.28, by eliminating the knowledge element necessary for a common-law cause of action, provided the plaintiff with a cause of action not available to him at common law, we held that it was "a liability created by statute" and governed by R.C. 2305.07.

{¶ 11} Our analysis in *Bora* is consistent with our opinion in *Hawkins v. Furnace Co.* (1884), 40 Ohio St. 507, 515, where we interpreted a predecessor of R.C. 2305.07: "We therefore interpret the phrase, 'a liability created by statute,' to mean a liability which would not exist but for the statute." Although decided over a century ago, we believe that the interpretation set forth in *Hawkins* accurately relates the plain meaning of R.C. 2305.07 and, therefore, we reaffirm our support for the use of the "but for" test. In order for a statutory cause of action to be "an action *** upon a liability created by statute" under R.C. 2305.07, that cause of action must be one that would not exist but for the statute. Any statutory "modification, alteration or conditioning" of a common-law cause of action which falls short of creating a previously unavailable cause of action does not transform that cause of action into "an action *** upon a liability created by statute."[3]

---

3. We note that courts in other jurisdictions have also held that R.C. 2305.07 and similar limitations provisions govern statutory causes of action only if the statute imposes a liability that would not

**{¶ 12}** Now that we have confirmed that the "but for" test is the appropriate test for determining when R.C. 2305.07 applies, we must now consider whether McAuliffe's cause of action is an action that would not exist but for the Ohio Product Liability Act. The first step in applying the "but for" test is to identify the cause or causes of action asserted by the plaintiff. McAuliffe's lawsuit against Western States actually includes four separate causes of action, based upon the four potential grounds for liability set forth in R.C. 2307.73(A)(1): the mountain bike was defectively manufactured (R.C. 2307.74), the mountain bike was defectively designed (R.C. 2307.75), the mountain bike was defective because of inadequate warning (R.C. 2307.76), and the mountain bike was defective because it failed to conform to a representation made by the manufacturer (R.C. 2307.77).

**{¶ 13}** The second step in applying the "but for" test is to determine whether the cause or causes of action asserted by the plaintiff were available at common law. Prior to the enactment of the Ohio Product Liability Act, the courts in Ohio had developed an extensive common law of strict product liability. In *Temple v. Wean United, Inc*. (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267, this court adopted Section 402A of the Restatement of the Law 2d, Torts (1965).[4]

---

exist but for the statute. See *Travelers Express Co., Inc. v. Cory* (C.A.9, 1981), 664 F.2d 763; *Thomas v. Pick Hotels Corp.* (C.A.10, 1955), 224 F.2d 664; *Hocking Valley RR. Co. v. New York Coal Co.* (C.A.6, 1914), 217 F. 727; *Mehl v. ICI Americas, Inc*. (S.D.Ohio 1984), 593 F.Supp. 157; *Connelly v. Balkwill* (N.D.Ohio 1959), 174 F.Supp. 49, affirmed (C.A.6, 1960), 279 F.2d 685; *Bryden v. Wilson Mem. Hosp*. (1988), 523 N.Y.S.2d 686, 136 A.D.2d 843; *Haag v. Dry Basement, Inc*. (1987), 11 Kan. App.2d 649, 732 P.2d 392. See, also, 51 American Jurisprudence 2d (1970) 659, Limitation of Actions, Section 82 ("Clearly, an action is not based upon a liability created by statute if the right is one which would exist at common law in the absence of statute."); 54 Corpus Juris Secundum (1987) 108, Limitations of Actions, Section 73(a) ("A statutory period of limitation for an action on a liability created by statute, other than a penalty or forfeiture, as prescribed by many statutes, applies only where the liability is one which would not exist but for the creative statute.").

4. Section 402A provides:

"(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

"(a) the seller is engaged in the business of selling such a product, and

Section 402A states the general rule that a manufacturer, retail dealer or distributor is strictly liable for injuries caused by its defective products. More important, prior to the enactment of R.C. 2307.73, this court had already provided a cause of action for strict product liability for each of the four grounds listed in R.C. 2307.73(A)(1) and set forth in McAuliffe's complaint. See, *e.g., Lonzrick v. Republic Steel Corp.* (1966), 6 Ohio St.2d 227, 35 O.O.2d 404, 218 N.E.2d 185 (defective manufacture); *Cremeans v. Internatl. Harvester Co.* (1983), 6 Ohio St.3d 232, 6 OBR 302, 452 N.E.2d 1281 (defective design); *Crislip v. TCH Liquidating Co.* (1990), 52 Ohio St.3d 251, 556 N.E.2d 1177 (inadequate warning); *Rogers v. Toni Home Permanent Co.* (1958), 167 Ohio St. 244, 4 O.O.2d 291, 147 N.E.2d 612 (failure to conform to representation). As a result, R.C. 2307.73 does not provide a cause of action that would not exist but for the statute.

{¶ 14} The three statutory "modifications" of common-law product liability noted by the court of appeals do not transform R.C. 2307.73 into "a liability created by statute." In fact, two of the "modifications" noted by the court of appeals do not actually modify the common law. First, the court of appeals incorrectly concluded that R.C. 2307.79 expanded the availability of economic loss damages. That statute allows economic loss damages only if the "claimant is entitled to recover compensatory damages for *harm* ***." (Emphasis added.) R.C. 2307.79(A). "Harm," as defined in R.C. 2307.71(G), includes physical injury to a person or damage to property. Therefore, R.C. 2307.79 is consistent with and not a modification of the common-law rule that injury to person or property is a

---

"(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
"(2) The rule stated in Subsection (1) applies although
"(a) the seller has exercised all possible care in the preparation and sale of his product, and
"(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller."

prerequisite to recovery of economic loss damages. See *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.* (1989), 42 Ohio St.3d 40, 51, 537 N.E.2d 624, 635.

{¶ 15} Second, the court of appeals incorrectly concluded that R.C. 2309.01, which defines "tort action" as excluding breach of contract claims, "eliminated the theory of recovery pursuant to an express warranty." R.C. 2307.77 provides that a product is defective if it fails to conform to a "representation" made by the manufacturer. As our opinion in *Rogers, supra*, makes clear, the concepts of "express warranty" and "representation" are identical in the product liability context. See *Rogers, supra*, 167 Ohio St. 244, 4 O.O.2d 291, 147 N.E.2d 612, at paragraphs two and three of the syllabus. As a result, the court of appeals incorrectly concluded that the General Assembly eliminated the "express warranty" cause of action.

{¶ 16} With respect to the third "modification," the court of appeals was correct in noting that the General Assembly raised the standard of proof for punitive damages in R.C. 2307.80. However, the effect of raising the standard of proof for punitive damages is to *restrict* the availability of punitive damages otherwise available at common law. Even if the Ohio Product Liability Act provided a lower, instead of a higher, standard of proof for punitive damages, R.C. 2307.73 would still not qualify as a "liability created by statute." That is because changing the standard of proof for a type of damages already available would not create a *cause of action*.

{¶ 17} As we noted above, the common law already provided a cause of action for each of the four grounds of liability provided in R.C. 2307.73(A)(1). Because R.C. 2307.73 does not provide a cause of action that would not exist but for the statute, causes of action brought pursuant to R.C. 2307.73 are not governed by the six-year statute of limitations provided in R.C. 2305.07.

{¶ 18} Because the six-year statute of limitations in R.C. 2305.07 does not apply, the applicable statute of limitations is the one that governed common-law

product liability causes of action. Since McAuliffe's action is for bodily injury, the two-year statute of limitations in R.C. 2305.10 governs his claim. *Andrianos v. Community Traction Co*. (1951), 155 Ohio St. 47, 44 O.O. 72, 97 N.E.2d 549.[5]

**{¶ 19}** For the foregoing reasons, the judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., PFEIFER and COOK, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent.

––––––––––––––––––

**FRANCIS E. SWEENEY, SR., J., dissenting.**

**{¶ 20}** I respectfully dissent. I believe a products liability action brought pursuant to R.C. 2307.71 through 2307.80 is an action upon a "liability created by statute" and is therefore governed by the six-year statute of limitations of R.C. 2305.07 rather than R.C. 2305.10, the two-year statute of limitations for bodily injuries. Consequently, for the following reasons, I would affirm the judgment of the court of appeals.

**{¶ 21}** According to the majority, in order for a liability to be "created by statute" the liability must be based on a new cause of action that would not exist but for the statute. See *Hawkins v. Furnace Co*. (1884), 40 Ohio St. 507, 515. Rather than apply this restrictive test, I would follow the court of appeals' approach and hold that an action becomes a "liability created by statute" and is subject to

––––––––––––––––––

5. Western States also argues that *Andrianos, supra*, independently requires that McAuliffe's product liability claim be governed by R.C. 2305.10: "Since { 2305.10 relates to the 'essential character' and 'specific subject matter' of the Complaint, it controls over the more general statute of limitations provision contained in { 2305.07 for 'a liability created by statute.'" We disagree. The "real purpose" test of *Andrianos, supra*, is not applicable to causes of action which are "action[s] *** upon a liability created by statute." See *Mehl, supra*, 593 F.Supp. at 162. In terms of statutory causes of action, the test in *Andrianos, supra*, only applies where the liability imposed by the statute is not "a liability created by statute."

R.C. 2305.07 when the statute modifies or alters the common law and creates a new concept of liability.

{¶ 22} I believe this test is in line with our more recent decision of *Bora v. Kerchelich* (1983), 2 Ohio St.3d 146, 2 OBR 692, 443 N.E.2d 509, where we applied the six-year statute of limitations to injuries caused by a dog. The *Bora* opinion, which made no mention of *Hawkins, supra*, was decided on the ground that the "contemporary version of the [dog-bite] statute *** gives rise to the cause of action." *Id*. at 147, 2 OBR at 693, 443 N.E.2d at 510. Thus, the enactment of this statute, which made a dog owner strictly liable for injuries caused by his or her dog, changed or refined the common law so that the cause of action became a "liability created by statute."

{¶ 23} Likewise, R.C. 2307.71 *et seq*., the Product Liability Act, which was passed in 1987 as part of the General Assembly's "tort reform" package, changed the common law so that a products liability action is now a "liability created by statute." The Act defines exactly who is amenable to suit and under what circumstances a cause of action exists. Further, the General Assembly has substantively changed the common law by eliminating certain traditional theories of recovery (including implied warranty of merchantability and fitness for a particular purpose)[6] and by eliminating the proof necessary for the recovery of punitive damages.

{¶ 24} The majority downplays or ignores these changes. However, I believe these changes are substantial and are proof that a products liability claim is created by statute and governed by R.C. 2305.07 for purposes of the statute of limitations. For instance, the elevation of the standard of proof (from preponderance of the evidence to clear and convincing standard) is clearly a

---

6. R.C. 2307.71(M)(3) and 2307.71(N) define "product liability claim" in terms of an express representation of material fact rather than in terms of an implied warranty theory.

departure from the common law and is significant, since it seriously affects a claimant's ability to recover punitive damages.

**{¶ 25}** Therefore, although there existed a common law of products liability, the General Assembly, by statutorily defining products liability claims and refining the theories of proof and recovery, altered the common law to such a degree that a products liability action brought under R.C. 2307.71 to 2307.80 has become a "liability created by statute." Because of these changes, I would hold that a products liability claim is an action upon a "liability created by statute" and is governed by the six-year statute of limitations found in R.C. 2305.07.

DOUGLAS and RESNICK, JJ., concur in the foregoing dissenting opinion.

_____