[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 51.]

BYERS ET AL., APPELLEES, *v.* CONSOLIDATED ALUMINUM CORPORATION ET AL.; STAMCO CORPORATION, APPELLANT.

[Cite as *Byers v. Consol. Aluminum Corp.*, 1995-Ohio-216.]

*Civil actions—Products liability claims for bodily injury governed by two-year statute of limitations period in R.C. 2305.10 and not by six-year statute of limitations period in R.C. 2305.07.*

(No. 94-1200—Submitted July 12, 1995—Decided August 16, 1995.)

APPEAL from the Court of Appeals for Monroe County, No. 716.

———————————

*Wiles, Doucher, Van Buren & Boyle Co., L.P.A.*, *Thomas E. Boyle* and *Jumana E. Trad*, for appellant.

———————————

{¶ 1} The judgment of the court of appeals is reversed, and the judgment of the trial court is reinstated on the authority of *McAuliffe v. W. States Import Co., Inc.* (1995), 72 Ohio St.3d 534, 651 N.E.2d 957.

MOYER, C.J., WRIGHT, PFEIFER and COOK, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent.

———————————

**DOUGLAS, J., dissenting.**

{¶ 2} I respectfully dissent. I do so on the basis of Justice Francis E. Sweeney's well-reasoned dissent in *McAuliffe v. W. States Import Co., Inc.* (1995), 72 Ohio St.3d 534, 651 N.E.2d 957. Given the majority opinion in *McAuliffe*, it should now be understood that all common-law products liability causes of action survive the enactment of R.C. 2307.71 *et seq.*, the Ohio Product Liability Act, unless specifically covered by the Act because the Act, according to the majority in *McAuliffe*, "* * * falls short of creating a previously unavailable cause of action

* * *."  *Id.* at 538, 651 N.E.2d at 960.  The courts of appeals were right in both this case and *McAuliffe*.

RESNICK and F.E. SWEENEY, JJ., concur in the foregoing dissenting opinion.

_____