DECISION AND JUDGMENT ENTRY
{¶ 1} Sylvia Mae Shelton appeals the Highland County Court of Common Pleas' summary judgment in favor of LTC Management Services, dba Edgewood Manor. Shelton argues that the trial court erred when it found that her cause of action in Count I of her complaint was an action for bodily injury, and consequently applied the statute of limitations in R.C. 2305.10 (two-year), instead of the statute of limitations in R.C.2305.07 (six-year) or R.C. 2305.09(D) (four-year). Shelton claims that the legislature created a new cause of action when it enacted R.C.3721.10-.17 (The Nursing Home Patients' Bill of Rights). Shelton maintains that her action is strictly statute based because she based her action on R.C. 3721.13(A) (1, 2, 3, 5) and did not base her action on the common law. We disagree because under the two-step "but for" test in McAuliffe v. Western States Import Co. (1995), 72 Ohio St.3d 534, paragraph one of the syllabus, she could have brought her action even if the legislature never enacted R.C. 3721.10-.17. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} Shelton's mother, Etta Mae Beatty, transferred to Edgewood Manor, a long-term nursing care facility, on or about September 16, 1998, and died at Edgewood on October 11, 1998. Shelton filed a three-count complaint against Edgewood in the Highland County Common Pleas Court on March 6, 2001. In Count I Shelton alleged that Edgewood violated her mother's rights "by failing to provide proper nourishment, i.e. failing to provide said Etta Beatty with adequate food and water, and failing to clean her person or her bed clothes, all in violation of Ohio Revised Code 3721.13(A) (1, 2, 3, 5)."[1] In Counts II and III Shelton alleged that Edgewood breached the nursing home admission contract and violated the Ohio Consumer Sales Practices Act. Edgewood answered and included the affirmative defense that the applicable statute of limitations barred the cause of action.
 {¶ 3} Edgewood moved for summary judgment and argued that Shelton's action was time barred by the two-year statute of limitations in R.C.2305.10. Shelton maintained that actions for injuries caused by omissions of statutory duties are governed by the six-year statute of limitations in R.C. 2305.07. The trial court granted Edgewood's motion for summary judgment and found "that the subject matter or essence of [Shelton's] action is one for Bodily Injury and that the period of limitation for the filing of such actions is two (2) years as provided in ORC 2305.10."
 {¶ 4} Shelton appeals and assigns one assignment of error: "The Trial Court erred in granting Defendant Edgewood Manor's Motion for Summary Judgment. The Court erroneously determined that Count I of Sylvia Shelton's Complaint against the Edgewood Manor was a claim for Personal or Bodily Injury and, therefore, applied the incorrect Statutory Limitations period." Shelton concedes in her brief that Counts II (breach of contract) and III (Ohio Consumer Sales Practice Act) are not before this court.
 II. {¶ 5} Before we address Shelton's assignment of error, Edgewood questions whether Shelton has standing to bring this action. We answer this legal question using a de novo standard of review.
 {¶ 6} A non-resident of a nursing home does not have standing to sue in his or her individual capacity for a violation of R.C. Chapter3721.10-.17, which is known as the nursing home patients' bill of rights, because it only provides protection for a resident of a nursing home. Belinky v. Drake Center, Inc. (1996), 117 Ohio App.3d 497, 503. However, "[a] sponsor may act on a resident's behalf to assure that the home does not deny the residents' rights under sections 3721.10 to R.C.3721.17 of the Revised Code." R.C. 3721.13(B). "`Sponsor' means an adult relative, friend, or guardian of a resident who has an interest or responsibility in the resident's welfare." 3721.10(D).
 {¶ 7} Here, the caption of the case shows that Shelton brought this action in her individual capacity, instead of her capacity as a sponsor of her mother. However, absent a showing of prejudice, a defective caption does not deprive a court of its power to look beyond the caption to the body of the complaint to determine the legal capacity of a party. See, e.g., Porter v. Fenner (1966), 5 Ohio St.2d 233; Gibbs v. Lemley
(1972), 33 Ohio App.2d 220; Scadden v. Willhite (Mar. 26, 2002), Franklin App. No. 01AP-800; Newark Orthopedics, Inc. v. Brock (Oct. 5, 1995), Franklin App. No. 95APE03-246. The body of Shelton's complaint indicates that she is the daughter of Etta Mae Beatty and that she does not claim any injury to herself. She alleges in her complaint that Edgewood violated her mother's rights. Moreover, Edgewood does not allege that it is prejudiced by the defective caption. Hence, we find that Shelton has standing because she qualifies to bring this action in her capacity as a sponsor for her mother.
 {¶ 8} In her assignment of error, Shelton argues that the trial court erred when it found that her complaint was an action for bodily injury and then time barred her action by applying the two-year statute of limitations in R.C. 2305.10. She maintains that the court should have found that her cause of action was created by R.C. 3721.10-.17, and thus, should have applied the six-year statute of limitations in R.C.2305.07. Shelton claims that "[w]hile it is true that the facility's neglect caused personal or bodily injury to Etta Mae Beatty, it remains that this is not a personal injury claim. This is a claim to avenge the blatant violation of Etta Mae Beatty's statutory rights * * *." While we agree with Shelton that her action is statute based, nevertheless, we find that it is an action for personal or bodily injury. Our standard of review is de novo.
 {¶ 9} "Except as provided in sections 126.301 and 1302.98 of the Revised Code, an action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereofaccrued." R.C. 2305.07 (Emphasis added.)
 {¶ 10} "In order for a statutory cause of action to be `an action * * * upon a liability created by statute' under R.C. 2305.07, that cause of action must be one that would not exist but for the statute. Any statutory `modification, alteration or conditioning' of a common-law cause of action which falls short of creating a previously unavailable cause of action is not `an action * * * upon a liability created by statute.'" McAuliffe, supra, at paragraph one of the syllabus. In short, the court interpreted the phrase "a liability created by statute" to mean a liability which would not exist but for the statute. Id. at 537-538 (Emphasis added.) See, also, Segal v. Zehman-Wolf Mgt., Inc. (2000),139 Ohio App.3d 146; Pummill v. Carnes (Feb. 4, 2003), Ross App. No. 02CA2659, 2003-Ohio-1060.
 {¶ 11} The McAuliffe court used a two-step process when it applied the "but for" test. The first step is "to identify the cause or causes of action asserted[.]" Id. at 538. Here, Shelton's complaint alleges causes of action under R.C. 3721.13(A) (1, 2, 3, 5). Specifically, the complaint alleges that Edgewood "violated the rights of Etta Beatty by failing to provide proper nourishment, i.e. failing to provide said Etta Beatty with adequate food and water, and failing to clean her person or her bed clothes[.]"
 {¶ 12} The second step is "to determine whether the cause or causes of action asserted * * * were available at common law." Id. Before the enactment of R.C. 3721.10-.17 in 1979, a person that received bodily injury proximately caused by the negligence of a nursing home could bring a negligence action against the facility. See, e.g., Morris v. MontereyYorkshire Nursing Inn, Inc. (1971), 29 Ohio App.2d 98 (Nursing home failed to notify doctors after decedent was injured.). The failure to act in Morris and the failure to act in this case both involve alleged negligence that proximately caused bodily injury. As a result, R.C.3721.13(A) (1, 2, 3, 5) does not provide a cause of action that would not have existed but for the statute because the same action existed at common law. Therefore, we find that Shelton's claim is not an action created by statute, and consequently, the six-year statute of limitations in R.C. 2305.07 does not apply.
 {¶ 13} Shelton argues that if R.C. 2305.07 does not apply, then the four-year statute of limitations in R.C. 2305.09(D) does. However, Edgewood claims that Shelton waived this argument when she failed to argue it in the trial court. We disagree with Shelton and Edgewood.
 {¶ 14} "Where the issue of the statute of limitations has been raised in the trial court, the fact that a party asserts the applicability of a different statute of limitations on appeal shall not bar this court from considering the issue." Lawyers CooperativePublishing Co. v. Muething (1992), 65 Ohio St.3d 273, paragraph one of the syllabus.
 {¶ 15} Here, Shelton responded to Edgewood's two-year statute of limitations argument in the trial court with the six-year statute of limitations argument discussed earlier. Thus, pursuant to Muething, she may now argue a different statute of limitations.
 {¶ 16} "An action * * * shall be brought within four years after the cause thereof accrued * * * [f]or an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 2305.10 to2305.12, 2305.14 and 1304.35 of the Revised Code." R.C. 2305.09(D). The pertinent part of R.C. 2305.10 provides: "An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."
 {¶ 17} Here, as we stated earlier, Shelton's claim in Count I of her complaint is an action for bodily injury, and thus, is enumerated in R.C. 2305.10. Hence, we find that the four-year statute of limitations in R.C. 2305.09(D) does not apply, and consequently, the two-year statute of limitations contained in R.C. 2305.10 time bars Shelton's action.
 {¶ 18} Accordingly, we overrule Shelton's assignment of error and affirm the decision of the trial court.
Judgment affirmed.
Harsha, J. and Evans, J.: Concur in Judgment Only.
[1] We use the July 9, 1998 version of R.C. 3721.10-.17 throughout this opinion and not the September 5, 2001 or November 7, 2002 versions.