OPINION
{¶ 1} Plaintiff-appellant Republic Bank appeals from a summary judgment rendered against it on its complaint against defendants-appellees Gutmann Middleton, Inc., and E. Craig Crawford, upon the ground that the complaint was not brought within the period of the statute of limitations. Republic Bank contends that the trial court erred by using the four-year limitations period for professional negligence claims, rather than the six-year limitations period for a cause of action upon a liability created by statute.
 {¶ 2} We conclude that the trial court used the correct statute of limitations period, because the statute allegedly creating this cause of action, R.C. 4763.13, fails to satisfy the "but for" test of McAuliffe v. Western States Import Co., Inc.,
(1995), 72 Ohio St.3d 534, so that the cause of action is not upon a liability created by statute. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 3} Crawford, an employee of Gutmann Middleton, performed an appraisal of a parcel of residential real estate located in Huber Heights for Republic Bank. Crawford appraised the value of the property at $1,115,000. Republic Bank then loaned money to the owner of the parcel, secured by a mortgage deed to the property. After the borrower defaulted, Republic Bank acquired the property through foreclosure. Republic Bank later sold the property for $520,000.
 {¶ 4} After the failure of attempts to negotiate Republic Bank's claim for a negligent appraisal, the Bank brought an action against Crawford and Gutmann Middleton alleging: (1) overstatement of the value of the property; (2) breach of an implied contract to provide an accurate real estate appraisal in accordance with recognized standards; and (3) violation of the standards of professional appraisal practice set forth in R.C.4763.13(A). Crawford and Gutmann Middleton moved for summary judgment, contending that Republic Bank's claims were barred by the four-year limitations period set forth in R.C. 2305.09(D). The Bank contended that the six-year limitations period set forth in R.C. 2305.07 applied, because this was an action upon a liability created by statute.
 {¶ 5} The trial court found that R.C. 4763.13(A) does not create a private cause of action, applied the four-year period of limitations set forth in R.C. 2305.09(D), concluded that Republic Bank's cause of action is barred by the applicable statute of limitations, and rendered summary judgment for Crawford and Gutmann and against Republic Bank. The trial court also found that the four-year period of limitations applied to Republic Bank's other claims, not based upon R.C. Chapter 4763. That finding is not the subject of this appeal.
 {¶ 6} From the summary judgment rendered against it, Republic Bank appeals.
 II {¶ 7} Republic Bank's sole assignment of error is as follows:
 {¶ 8} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY FINDING THAT SECTIONS 4763.01 ET SEQ. AND 4763.13 OF THE OHIO REVISED CODE DO NOT CREATE A PRIVATE CAUSE OF ACTION AND GRANTING THE DEFENDANTS-APPELLEES MOTION FOR SUMMARY JUDGMENT."
 {¶ 9} R.C. 4763.13 provides, in pertinent part, as follows:
 {¶ 10} "(A) In engaging in appraisal activities, a person certified, registered, or licensed under this chapter shall comply with the applicable standards prescribed by the board of governors of the federal reserve system, the federal deposit insurance corporation, the comptroller of the currency, the office of thrift supervision, the national credit union administration, and the resolution trust corporation in connection with federally related transactions under the jurisdiction of the applicable agency or instrumentality. A certificate holder, registrant, and licensee also shall comply with the uniform standards of professional appraisal practice, as adopted by the appraisal standards board of the appraisal foundation and such other standards adopted by the real estate appraisal board, to the extent that those standards do not conflict with applicable federal standards in connection with a particular federally related transaction.
 {¶ 11} "* * *
 {¶ 12} "(F) Nothing in this chapter shall preclude a person who is not licensed or certified under this chapter from appraising real estate for compensation."
 {¶ 13} We find it unnecessary to determine whether the trial court was correct in determining that the above-quoted portion of the statute does not create a private cause of action in the sense that no private party may rely upon it to assert that its violation by an appraiser creates a private right of action against the appraiser. The trial court also concluded that the four-year period of limitations provided for in R.C. 2305.09(D) for injuries to the rights of a plaintiff "not arising in contract nor enumerated" in certain specified sections of the Ohio Revised Code, rather than the six-year period of limitations provided for in R.C. 2305.07 for an action "upon a liability created by statute," applies in this case, because the liability in this case does not meet the "but for" test set forth inMcAuliffe v. Western States Import Co., Inc., supra. We agree.
 {¶ 14} In McAuliffe, it was held the phrase, in R.C.2305.07, "a liability created by statute," means "a liability which would not exist but for the statute." Id., at 538. At most, R.C. 4763.13, which appears to have been first enacted in 1989, might be deemed to apply the professional standards referred to therein to claims of professional negligence involving appraisers. We do not understand Republic Bank to be contending that there was no such thing as a cause of action for professional negligence in performing an appraisal before the enactment of R.C. 4763.10, et seq., in 1989. Indeed, Crawford and Gutmann Middleton cite Richard v. Staehle (1980),70 Ohio App.2d 93, 99, as recognizing the existence of a common law cause of action for professional negligence in the context of an accountant[1] failing to exercise reasonable care or competence in obtaining or communicating information, which would seem equally applicable to the obtaining or communicating of the value of real property by a professional appraiser.
 {¶ 15} We agree with the trial court that even if a party can be deemed to have a private cause of action under R.C. Chapter 4763, it is not a cause of action that would not exist but for the statute. Accordingly, following McAuliffe v. Western StatesImport Co., Inc., supra, it is not a cause of action "created by statute" for purposes of the application of the six-year period of limitations set forth in R.C. 2305.07, and the trial court correctly applied the four-year period of limitations set forth in R.C. 2305.09(D). Republic Bank's sole assignment of error is overruled.
 III {¶ 16} Republic Bank's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
Grady and Donovan, JJ., concur.
[1] At the time Richard v. Staehle was decided, "there [was] no specifically defined standard of care for accountants in Ohio." Id., at 98.