**WALTON**

v.

**RESIDENTIAL FINANCE CORPORATION.**

Court of Common Pleas of Ohio,
Hamilton County.

No. A0811022.

Decided March 31, 2009.

David C. Dimuzio, for plaintiff.

Richard F. Chambers, for defendant.

DeWine, Judge.

{¶ 1} This matter comes before the court on the motion to dismiss of defendant Residential Financial Corporation ("RFC"). The primary issue before the court is the appropriate statute of limitations for a violation of the Ohio Mortgage Brokers Act ("OMBA"). RFC argues that a four-year statute of limitations should be applied, while plaintiff Dorothy Walton argues for application of a six-year limitations period.

{¶ 2} The OMBA does not explicitly provide for a limitations period. RFC argues that the four-year statute of limitations set forth in R.C. 2305.09 should apply because the action is either "[f]or relief on the ground of fraud" under R.C. 2305.09(C) or for "an injury to the rights of the plaintiff not arising in contract." under R.C. 2305.09(D). Plaintiff argues that the court should apply the

six-year limitations period of R.C. 2305.07 "[for] a liability created by statute other than a forfeiture or penalty."

{¶ 3} The only Ohio case of which this court is aware to address the issue, *Carver v. Discount Funding Assocs.* (June 10, 2004), Huron C.P. No. CVH 20040126, 2004 WL 2827229, found that the six-year limitations period should be applied to the OMBA. *Carver*, however, is not particularly persuasive in that the court did not apply the test set forth by the Ohio Supreme Court in *McAuliffe v. W. States Import Co.* (1995), 72 Ohio St.3d 534, 651 N.E.2d 957, for determining whether a liability is created by statute.

{¶ 4} In *McAuliffe*, the Ohio Supreme Court adopted a "but for" test for determining the existence of "a liability created by statute" for purposes of R.C. 2305.07. Under this test, the court must first identify the cause or causes of action asserted by the plaintiff and then "determine whether the cause or causes of action * * * were available at common law." Id. at 538, 651 N.E.2d 957. If the statute "does not provide a cause of action that would not exist but for the statute," the six-year limitations period of R.C. 2305.07 does not apply. *McAuliffe*, 72 Ohio St.3d at 540, 651 N.E.2d 957.

{¶ 5} RFC argues that claims for violation of the OMBA are essentially claims for either fraud, breach of fiduciary duty, or breach of the duty of good faith and fair dealing and that the four-year limitations period of R.C. 2305.09 applies to all such claims. An examination of each of these concepts of liability, however, demonstrates that the OMBA creates a cause of action not available under any of these actions.

{¶ 6} Under Ohio law, fraud requires (1) a false representation (2) of a material fact, (3) knowledge of the falsity on the part of the person making the representation, (4) intent to mislead others, (5) reliance, and (6) injury resulting from the reliance. *Friedland v. Lipman* (1980), 68 Ohio App.2d 255, 22 O.O.3d 422, 429 N.E.2d 456, paragraph one of the syllabus. The OMBA allows for liability based upon conduct that falls far short of common-law fraud. For example, R.C. 1322.07 allows liability to be predicated upon "improper" and "dishonest" dealings, "omissions of statements required by state law," or the knowing solicitation of false or misleading statements on any mortgage document or document related to a mortgage document. In many instances, the statute does not require knowledge of falsity, intent, reliance, or even injury resulting from the reliance. While the OMBA certainly encompasses many forms of fraud, conduct that falls short of fraud at common law will violate the statute. In fact, a review of plaintiff's complaint demonstrates that liability is alleged on grounds that fail to meet the essential elements of a claim for fraud under Ohio law.

{¶ 7} In *McAuliffe,* the Supreme Court held that the common law already provided a cause of action for each of the grounds of liability provided under the Ohio products-liability statute, and the only modification of common-law liability provided by the statute was to change the standard of proof for damages already available at common law. *McAuliffe,* 72 Ohio St.3d at 539–540, 651 N.E.2d 957. The OMBA, in contrast, does far more than change the standard of proof for damages available for fraud at common law. By dispensing with the knowledge, scienter, reliance, and causation elements, the statute provides for a new cause of action for conduct that would not amount to fraud at common law.

{¶ 8} In *Bora v. Kerchelich* (1983), 2 Ohio St.3d 146, 2 OBR 692, 443 N.E.2d 509, the Ohio Supreme Court held that a statute making a dog owner strictly liable for damages caused by his dog was a "liability created by statute" because it removed the knowledge element that the dog owner have knowledge of the dog's dangerous propensities, and, therefore, created a cause of action that did not exist at common law. See *McAuliffe,* 72 Ohio St.3d at 537, 651 N.E.2d 957. Likewise, by removing essential elements of a fraud claim as grounds for liability, the OMBA creates a cause of action that did not exist under common-law fraud.

{¶ 9} Similarly a claim under the OMBA is not akin to a claim for a breach of fiduciary duty. Most simply, no fiduciary relationship need be alleged to state a claim for breach of the OMBA.

{¶ 10} Nor should a four-year statute be applied on the basis that a claim under the OMBA is equivalent to a claim for breach of the duty of good faith and fair dealing. The better view in Ohio is that outside of the insurance context, the breach of the duty of good faith does not exist as a separate cause of action from a breach of contract claim. *Lakota Local School Dist. Bd. of Edn. v. Brickner* (1996), 108 Ohio App.3d 637, 646, 671 N.E.2d 578. Rather, the action arises from the duty of good faith and fair dealing inherent in every contract and cannot stand alone from the contract claim. *Id.* To the extent such a claim exists, a plaintiff may proceed under the 15–year statute of limitations for contract claims. *See Thompson v. Kerr* (S.D.Ohio 1992), 555 F.Supp. 1090, 1096.

{¶ 11} The OMBA creates liability for conduct that would not be actionable "but for" the enactment of the OMBA. Accordingly, liability under the OMBA is "created by statute," and the six-year limitations period of R.C. 2305.07 applies.

{¶ 12} RFC also argues that the complaint should be dismissed for failure to comply with the requirement of Civ.R. 10(D)(1), which states that "[w]hen any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading." Plaintiff responds that the complaint is founded not upon a written instrument but upon the duties of a licensed mortgage broker. Regardless, the proper remedy for

failure to attach a written instrument is not dismissal of the complaint, but rather a Civ.R. 12(E) motion for more definite statement. *Castle Hill Holdings, L.L.C. v. Al Hut, Inc.,* Cuyahoga App. No. 86442, 2006-Ohio-1353, 2006 WL 726911, at ¶ 26.

{¶ 13} For these reasons, plaintiff's motion to dismiss is overruled.

So ordered.