[Cite as *Jones v. Terminal Ready-Mix, Inc.*, 2021-Ohio-2164.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

THOMAS JONES

    Appellant

    v.

TERMINAL READY-MIX, INC.

    Appellee

C.A. No.    20CA011657

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    20CV200405

DECISION AND JOURNAL ENTRY

Dated: June 28, 2021

CARR, Presiding Judge.

{¶1} Plaintiff-Appellant Thomas Jones appeals the decision of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} On January 24, 2020, Mr. Jones filed a complaint alleging that, on October 16, 2015, he was injured in the process of making a delivery to Defendant-Appellee Terminal Ready-Mix Inc. Mr. Jones asserted that he "pulled into a specified and designated unloading area near the building's scale window. There was a raised pipe and/or rail located in front of the scale window that invitees were required to walk on in order to access and reach the scale window on [Terminal Ready-Mix's] premises." "As [Mr. Jones] was walking on the narrow pipe and/or rail as required, he fell off the railing resulting in multiple injuries[.]" Mr. Jones "had no choice to encounter the hazard * * * to fulfill his job responsibilities, or risk disciplinary action or the loss of his employment."

{¶3}    Mr. Jones brought only a claim pursuant to R.C. 4101.11.  R.C. 4101.11 states:

Every employer shall furnish employment which is safe for the employees engaged therein, shall furnish a place of employment which shall be safe for the employees therein and for frequenters thereof, shall furnish and use safety devices and safeguards, shall adopt and use methods and processes, follow and obey orders, and prescribe hours of labor reasonably adequate to render such employment and places of employment safe, and shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees and frequenters.

{¶4}    In the complaint, Mr. Jones maintained that Terminal Ready-Mix Inc. was an employer and that Mr. Jones was a frequenter.  Mr. Jones alleged that Terminal Ready-Mix Inc. failed to develop, implement, and maintain proper safety equipment and procedures, and that Terminal Ready-Mix's violation of the requirements of the statute were a direct and proximate cause of Mr. Jones' damages.

{¶5}    On March 5, 2020, Terminal Ready-Mix Inc. filed both a motion to dismiss pursuant to Civ.R. 12(B)(6) and an answer.  Terminal Ready-Mix Inc. argued that Mr. Jones' claim was barred by the applicable statute of limitations.  Terminal Ready-Mix Inc. noted that former R.C. 2305.07[1] provides that an action upon a liability created by statute is subject to a six-year statute of limitations; however, it argued that that period did not apply to Mr. Jones' claim based upon the law set forth in *McAuliffe v. W. States Import Co.*, 72 Ohio St.3d 534 (1995).  Terminal Ready-Mix Inc. maintained that Mr. Jones' claim, as an action for bodily injury, was subject to the two-year statute of limitations set forth in R.C. 2305.10(A), and, thus, Mr. Jones' claim was time barred.

{¶6}    Mr. Jones opposed the motion arguing that the more specific provision of former R.C. 2305.07 controlled and provided him with a six-year statute of limitations.  Mr. Jones further

---

[1] R.C. 2305.07 was amended effective June 16, 2021.

maintained that *McAuliffe* supported the application of the six-year statute of limitations. Terminal Ready-Mix filed a reply.

{¶7} Following briefing, the trial court granted Terminal Ready-Mix Inc.'s motion to dismiss. The trial court concluded that the two-year statute of limitations in R.C. 2305.10 applied and not the six-year statute of limitations in former R.C. 2305.07.

{¶8} Mr. Jones has appealed, raising a single assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY DISMISSING PLAINTIFF-APPELLANT'S CLAIM UNDER THE FREQUENTER STATUTE, R.C. 4101.11 AS UNTIMELY THROUGH CIV.R. 12(B)(6).

{¶9} Mr. Jones argues in his sole assignment of error that the trial court erred in granting the motion to dismiss because the complaint was timely under former R.C. 2305.07, which was the applicable statute of limitations.

{¶10} We note that that there appears to be no dispute that R.C. 4101.11 does not itself contain a statute of limitations. Accordingly, Mr. Jones' action could only be commenced "within the period prescribed in sections 2305.04 to 2305.22 of the Revised Code." R.C. 2305.03(A). It was only argued below that either the limitations period in former R.C. 2305.07 applied or the limitations period in 2305.10(A) applied. Thus, the overall issue before the Court on appeal is which statute of limitations applies to Mr. Jones' claim: the two-year statute of limitations pursuant to R.C. 2305.10(A), or the six-year statute of limitations provided for by former R.C. 2305.07. There appears to be no dispute that Mr. Jones' claim would be untimely if the two-year statute of limitations contained in R.C. 2305.10(A) applied.

**{¶11}** "In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to the relief sought." *Ohio Bur. Of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, ¶ 12. "The allegations of the complaint must be taken as true, and those allegations and any reasonable inferences drawn from them must be construed in the nonmoving party's favor. Appellate review of a trial court's decision to dismiss a complaint pursuant to Civ.R. 12(B)(6) is de novo." (Internal citation omitted.) *Id.* "A complaint may be dismissed under Civ.R. 12(B)(6) for failing to comply with the applicable statute of limitations when the complaint on its face conclusively indicates that the action is time-barred." *Id.* at ¶ 13.

**{¶12}** Former R.C. 2305.07 states that "[e]xcept as provided in sections 126.301 and 1302.98 of the Revised Code, an action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued." "In order for a statutory cause of action to be 'an action * * * upon a liability created by statute' under [former] R.C. 2305.07, that cause of action must be one that would not exist but for the statute. Any statutory 'modification, alteration or conditioning' of a common-law cause of action which falls short of creating a previously unavailable cause of action does not transform that cause of action into 'an action * * * upon a liability created by statute.'" *McAuliffe*, 72 Ohio St.3d at 538.

**{¶13}** "The first step in applying the 'but for' test is to identify the cause or causes of action asserted by the plaintiff." *Id.* "The second step in applying the 'but for' test is to determine whether the cause or causes of action asserted by the plaintiff were available at common law." *Id.*

**{¶14}** Here, Mr. Jones' only claim was brought pursuant to R.C. 4101.11, which states:

Every employer shall furnish employment which is safe for the employees engaged therein, shall furnish a place of employment which shall be safe for the employees therein and for frequenters thereof, shall furnish and use safety devices and safeguards, shall adopt and use methods and processes, follow and obey orders, and prescribe hours of labor reasonably adequate to render such employment and places of employment safe, and shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees and frequenters.

Importantly, Mr. Jones was not asserting that he was an employee; instead, he maintained that Terminal Ready-Mix Inc., as an employer, was liable to him as a frequenter.

{¶15} In *Kucharski v. Natl. Eng. & Contracting Co.*, 69 Ohio St.3d 430, 432-433 (1994), the Supreme Court discussed this statute and its related provisions:

R.C. 4101.13 and its companion provisions, R.C. 4101.11 and 4101.12 are commonly referred to as the "frequenter" statutes. Originally enacted to benefit employees, these statutes are no more than a codification of the common-law duty owed by the owner or occupier of premises to business invitees to keep his premises in a reasonably safe condition and to give warnings of latent or concealed perils of which he has, or should have, knowledge. The subsequent passage of the Ohio Workers' Compensation Act, which protected covered employers from damage suits brought by employees injured on the job, rendered these statutes largely obsolete. They continue to be used, however, by injured employees of subcontractors who seek damages, in addition to workers' compensation benefits, from the property owners, or contractors in privity with their employers, who fail to keep the property safe from hazards for "frequenters."

(Internal citations removed.) *See also Stokes v. Lake Property Mgt., LLC,* 11th Dist. Lake No. 2018-L-073, 2020-Ohio-65, ¶ 23-26. Given the foregoing, at least one court has concluded that "the duty imposed under R.C. 4101.11 is identical to the duty owed to a business invitee." *Stokes* at ¶ 25.

{¶16} Likewise, this Court has previously concluded that "R.C. 4101.11 is the codification of the common-law duty that owners of properties owe their invitees to keep the premises in a safe condition and to warn of dangers of which the owner has knowledge." *McConville v. Jackson Comfort Sys., Inc.*, 95 Ohio App.3d 297, 301-302 (9th Dist.1994), quoting *Best v. Energized Substation Serv., Inc.*, 88 Ohio App.3d 109, 113-114 (9th Dist.1993). In

particular, with respect to frequenters, "the statutory duty owed * * * is merely the codification of the common-law duty which property owners have traditionally owed to business invitees." *Burth v. CPK Constr., Inc.*, 9th Dist. Summit No. 22713, 2006-Ohio-70, ¶ 18, citing *Eicher v. United States Steel Corp.*, 32 Ohio St.3d 248, 249 (1987).

{¶17} While Mr. Jones seems to suggest that R.C. 4101.11, unlike the common law, provides additional protections not otherwise available to employees, such as bypassing the general immunity provided by R.C. 4123.74, the language of the statute itself belies his claim. R.C. 4123.74 states that, "[e]mployers who comply with section 4123.35 of the Revised Code *shall not be liable to respond in damages at common law or by statute for any injury*, or occupational disease, or bodily condition, received or contracted by any employee in the course of or arising out of his employment, or for any death resulting from such injury, occupational disease, or bodily condition occurring during the period covered by such premium so paid into the state insurance fund, or during the interval the employer is a self-insuring employer, whether or not such injury, occupational disease, bodily condition, or death is compensable under this chapter." (Emphasis added.); *see also Shay v. Parkfield, Inc.*, 12th Dist. Butler No. CA96-11-251, 1997 WL 311589, *2 (June 9, 1997). Moreover, Mr. Jones was not seeking recovery as an employee. He was seeking to recover as a frequenter.

{¶18} In addition, Mr. Jones also seems to claim that R.C. 4101.11 amounts to a strict liability statute and that affirmative defenses would not be available under it. In support of his argument, Mr. Jones points solely to the language of the statute, stating that it imposes a mandatory duty. However, the Supreme Court has noted that "no language in the entirety of R.C. Chapter 4101 even purports to abolish any common-law defense in either employee or frequenter actions brought under that chapter." *Westwood v. Thrifty Boy Super Markets, Inc.*, 29 Ohio St.2d 84, 88

(1972). Thus, the Supreme Court concluded "that in the absence of a statute abrogating the commonlaw defense of assumption of risk, the defense remains available in an action brought either at common law or under R.C. [] 4101.11." *Id.*

{¶19}   Here, as discussed above, the common law already provided a cause of action in negligence for injured parties such as Mr. Jones. Accordingly, pursuant to *McAuliffe*, the six-year statute of limitations contained in former R.C. 2305.07 is inapplicable. Instead, the two-year statute of limitations for bodily injury in R.C. 2305.10(A) applies. Therefore, Mr. Jones has not demonstrated that the trial court erred in granting the motion to dismiss as his action was time barred.

{¶20}  Mr. Jones' assignment of error is overruled.

III.

{¶21}  Mr. Jones' assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

TEODOSIO, J.
SUTTON, J.
CONCUR.

APPEARANCES:

W. CRAIG BASHEIN and THOMAS J. SHEEHAN, Attorneys at Law, for Appellant.

PAUL W. FLOWERS and LOUIS E. GRUBE, Attorneys at Law, for Appellant.

MOLLY STEIBER HARBAUGH, Attorney at Law, for Appellee.